NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5117

GERHARD FRANZ JOSEF ULLMANN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 30, 2004

_____

Before SCHALL, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Plaintiff-Appellant, Gerhard Franz Josef Ullmann ("Ullmann"), appeals from the decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  <u>Ullmann v. United States</u>, No. 03-CV-1171 (Fed. Cl. June 8, 2004).  We <u>affirm</u>.

BACKGROUND

I

Ullmann began active duty service in the Army on February 21, 1992.  He complained of lightheadedness, dizziness, nausea, vertigo, and similar maladies soon thereafter and continued these complaints until his eventual separation from the Army.

In response to these complaints he received numerous medical examinations and extensive medical testing. The tests revealed no abnormalities. However, one doctor allegedly informed Ullmann in May of 1992 that he would receive a medical discharge due to the aftereffects of an extended fever and infection.

During much of his service with the Army, Ullmann also demonstrated difficulty following orders and Army regulations. These difficulties with Army life led to his twice being reduced in rank. In February of 1994, Ullmann was notified that he was to be separated from the Army for unsatisfactory performance. On March 8, 1994, he requested a copy of medical records regarding his treatment for vertigo.

On March 17, 1994, Ullmann was honorably discharged from the Army for unsatisfactory performance and not by reason of physical disability, despite having allegedly "inform[ed] his commander that he was to receive a disability discharge at the time of discharge from [the] Active Duty Army." (Appellant's Resp. to Def. Informal Br. at 2.) He was then transferred to the Army Reserve wherefrom he was discharged on March 9, 1999. Ullmann also enlisted in the Ohio National Guard on September 20, 1996, and served until March 1, 2000, upon which date he was discharged for acts of misconduct. Ullmann made requests for his medical records with the Department of Veterans Affairs (the "VA") on December 3, 2001, and February 13, 2002. Ullmann claims that the VA's response was incomplete.

II

Ullmann filed suit in the Court of Federal Claims on May 9, 2003. First, he alleged a violation of 10 U.S.C. § 1142, which requires preseparation counseling for members of the armed forces and transmittal of medical records to the VA. Second, he

alleged that the Army failed to maintain adequate personnel records as required by Army Regulation 680-52, paragraph 1-4(a). According to Ullmann, these violations resulted in, inter alia, (1) loss of GI Bill benefits, (2) a deprivation of a medical discharge from active duty status, (3) loss of Veterans benefits from 1994 onward, and (4) the administration of unnecessary vaccinations. Ullmann sought $960,000 in damages as compensation for these alleged violations.

The Court of Federal Claims dismissed all of Ullmann's claims for lack of subject matter jurisdiction. His overall claim for missing or withheld medical records was dismissed for lack of subject matter jurisdiction because no statute or regulation provides money damages for such acts. The claim for GI Bill benefits was dismissed because Ullmann alleged "that his ineligibility for education funding [was] due to his joining the Guard, not the lack of his medical records. Therefore, by plaintiff's own admission, the Army's alleged failure to release his medical records did not cause the denial of education funding." (Def. App. at 5.) His claim for the administration of unnecessary vaccinations was dismissed because it constituted an alleged tort, which is a cause of action not within the Court of Federal Claims' jurisdiction under the Tucker Act.

The Court of Federal Claims dismissed Ullmann's claim for military disability benefits as barred by the 6-year statute of limitations of 28 U.S.C. § 2501. The Court of Federal Claims found that Ullmann was aware that the Army did not consider his condition disabling by at least March 11, 1994, because "his discharge orders specifically so advised him." (Id. at 8.) In spite of this knowledge, Ullmann was found not to have requested his medical records until December 3, 2001. Thus, the court

found, Ullmann did not even start investigating his claim until after the statute of limitations ran, and he did not show any evidence that the Army frustrated his efforts to learn about the basis for his claim during the limitations period.

We have jurisdiction over Ullmann's appeal pursuant to 28 U.S.C. 1295(a)(3).

DISCUSSION

Ullmann appeals the Court of Federal Claims' dismissal of his claims for want of subject matter jurisdiction. Specifically, he appeals the dismissal of his claims for (1) failure to maintain and produce medical records, (2) the administration of unnecessary vaccinations, (3) GI Bill benefits and, (4) military disability benefits.

I

We conclude that the Court of Federal Claims properly dismissed Ulmann's claims. The Tucker Act, 28 U.S.C. § 1491 (2000), grants subject matter jurisdiction to the Court of Federal Claims. This jurisdictional grant is limited to monetary claims based on contracts with the United States and money-mandating constitutional provisions, statutes, regulations, or executive orders. United States v. Mitchell, 463 U.S. 206, 212-18 (1983).

Ullmann does not allege a violation of contractual or constitutional rights, or a violation of any executive order. Ullmann's claim regarding the Army's alleged failure to maintain and produce medical records is premised upon a statute, 10 U.S.C. § 1142 (2000), and a regulation, Army Reg. 680-52, ¶ 1-4(a), neither of which mandates money damages. Therefore, the claim was properly dismissed for lack of subject matter jurisdiction.

04-5117                                                    4

Ullmann's tort claim alleging unnecessary vaccinations was also properly dismissed because it does not fall within the Court of Federal Claims' jurisdictional grant, which does not extend to tort claims. Furthermore, Ullmann's claim for GI Bill benefits was properly dismissed. Appeals from a denial of GI Bill benefits must be made to the Board of Veterans' Appeals, 38 U.S.C. § 7104(a) (2000) (incorporating by reference 38 U.S.C. § 511(a)), and then to the Court of Appeals for Veterans Claims, 38 U.S.C. § 7252(a) (2000), and thereafter to this court, 38 U.S.C. § 7292 (2000). The Court of Federal Claims has no jurisdiction over such claims. 38 U.S.C. §§ 511(a), 7104(a), 7252(a), 7292 (2000).

II

Ullmann's claim for military disability benefits is barred by 28 U.S.C. § 2501. That statute provides for a six-year statute of limitations on every claim over which the Court of Federal Claims has jurisdiction. 28 U.S.C. § 2501 (2000). In Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990), we held "that claims of entitlement to disability retirement pay do not [normally] accrue until the appropriate [retiring, physical evaluation, or correction] board either finally denies such a claim or refuses to hear it." However, when a veteran is aware of his disability at the time of discharge, does not request or receive a board hearing, and has knowledge that the disability is permanent, service-connected, and not the result of his own misconduct, the statute of limitations begins to run at the time of discharge. Id. at 1563. That is the case here.

Ullmann alleges that during a visit to a military doctor in 1992 he was informed that he would be medically discharged from the military due to poor health resulting from an extended high fever while serving in Texas. He alleges that he was then further

informed by that doctor that brain damage had occurred and that an MRI would be necessary to determine the extent of brain damage resulting from the fever and thus the appropriate disability benefits. Ullmann was discharged from the Army on March 17, 1994, for nonmedical reasons. At this time, taking his allegations at face value, Ullmann was well aware of the seriousness of his medical condition and that the disability was permanent, service-connected, and not the result of his own misconduct. Ullmann also did not request a board hearing of any type; he alleges only that before his discharge he told his commander that his discharge should reflect his disability. Ullmann filed suit in the Court of Federal Claims on May 9, 2003, well in excess of the six-year statute of limitations. Therefore, Ullmann's claim for military disability benefits was property dismissed.

Ullmann appears to argue on appeal that the statute of limitations should be tolled because he was actively attempting to pursue a claim between the time of his discharge and the end of the limitations period on March 17, 2000. However, the evidence of record shows actions taken only after the limitations period had already run. Ullmann's assertions that a claim was filed with the Department of Veterans Affairs in 1994 and not acted upon, even if true, would not work to toll the limitations period for filing a claim for military disability benefits in the Court of Federal Claims. Our decision does not, of course, preclude the petitioner from continuing to pursue a claim for benefits before the VA.

We have considered Ullmann's other arguments and found them to be without merit.

## CONCLUSION

The order of the Court of Federal Claims is affirmed.

## COSTS

No costs.